UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:09-cv-37-RJC

| | |
|---|---|
| LATISKIA CHAPMAN, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>DUKE ENERGY CAROLINAS, LLC, )<br>DUKE ENERGY CAROLINAS PLANT )<br>OPERATIONS, LLC, and TODAY'S )<br>STAFFING, INC., )<br>)<br>Defendants. ) | ORDER |

**THIS MATTER** is before the Court on Defendant Today's Staffing, Inc. ("Today's Staffing") Motion to Strike (Doc. No. 11) and Defendants Duke Energy Carolinas, LLC and Duke Energy Carolinas Plant Operations, LLC's (collectively "Duke Energy") Motion to Strike (Doc. No. 14). Plaintiff filed two Response briefs (Doc. No. 13 & 18) to which Defendants filed Replies (Doc. Nos. 19 & 25), which are now before the Court. For the following reasons, the Court **GRANTS** the Defendants' motions.

I.   BACKGROUND

Plaintiff Latiskia Chapman brought the instant action against Defendants Duke Energy and Today's Staffing on February 2, 2009. Today's Staffing hired Chapman, an African American woman, to work for Duke Energy in various administrative roles beginning on or about December of 2005. Duke Energy assigned Chapman to a particular department on or about March 2007. Chapman alleges that Duke Energy discharged her from her job and denied her alternative employment based on her race. Shortly after her removal, Chapman filed a

1

complaint with the Equal Employment Opportunity Commission ("EEOC") alleging racial discrimination. The EEOC issued a notice of Right to Sue to Chapman on or about December 2008. On February 2, 2009, Chapman filed a Complaint against Defendants alleging the following claims: (1) discrimination based on race in violation of Title VII of the Civil Rights Act of 1964; (2) retaliation in violation of her rights under Title VII; (3) wrongful discharge; and (4) negligent retention and supervision of employees.

## II.     STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(f), a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent or scandalous matter." A motion to strike is timely if made by a party before responding to the pleading. Fed. R. Civ. P. 12(f)(2). Plaintiff filed her Complaint on February 2, 2009. On March 18, 2009, Defendant Today's Staffing filed its Motion to Strike contemporaneously with its Answer. Defendant Duke Energy filed its Motion to Strike on March 23, 2009, without filing its Answer. Therefore, both Defendants' motions are timely.

Although courts have broad discretion in disposing of motions to strike, such motions "are generally viewed with disfavor because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic." Waste Mgmt. Holdings, Inc. v. Gilmore, 252 F.3d 316, 347 (4th Cir. 2001) (internal quotation marks and citations omitted); see Brown v. Inst. for Family Centered Servs., Inc., 394 F. Supp. 2d 724, 727 (M.D.N.C. 2005) ("Motions to strike are viewed with disfavor and are granted only for egregious violations. Thus, before a motion to strike will be granted, the allegations must be the type envisioned by the rule and prejudicial.") (citations omitted). "[A]s far as motions to strike pleadings on the basis of immateriality are concerned, a 'matter will not be stricken from a

pleading unless it is clear that it can have no possible bearing upon the subject matter of the litigation.'" N.C. Shellfish Growers Ass'n v. Holly Ridge Assocs., L.L.C., 200 F. Supp. 2d 551, 554 (E.D.N.C. 2001) (quoting Craig Funeral Home, Inc. v. State Farm Mut. Auto Ins. Co., 254 F.2d 569, 572 (5th Cir. 1958)). "A motion to strike places a sizable burden on the movant, and would typically require a showing that denial of the motion would prejudice the movant." Miller v. Rutherford County, No. 1:08cv441, 2008 U.S. Dist. LEXIS 102779, at *9 (W.D.N.C. Dec. 1, 2008) (internal quotation marks and citations omitted).

## III. DISCUSSION

In the Motions to Strike, Duke Energy seeks to strike paragraphs 16 and 18 with the corresponding Exhibits D and F, and Today's Staffing seeks to strike paragraph 17 with its corresponding Exhibit E. Paragraphs 16 through 18 read as follows:

> 16. On September 26, 2008, the Equal Employment Opportunity Commission issued a Letter of Determination on EEOC Charge No. 430-2007-02506 stating: "Respondent has acknowledged that Charging Party raised the concern that the treatment she was being subjected to was because of her race. Respondent has failed to show that it addressed Charging Party's concern with its client. Therefore, there is reasonable cause to believe that a violation of the statute has occurred." Please see attached Plaintiff's Exhibit D.
>
> 17. On September 26, 2008, the Equal Employment Opportunity Commission issued a Letter of Determination on EEOC Charge No. 430-2007-02501 stating: "Evidence obtained during the investigation further revealed that the Project Manager took actions against Charging Party based upon reports from her non-Black coworkers and based upon his personal beliefs. The investigation established information sufficient to show that Charging Party was in fact subjected to different terms and conditions of employment with the only distinguishable factor for the treatment being her race. Therefore, there is reasonable cause to believe that a violation of the statute has occurred." Please see attached Plaintiff's Exhibit E.
>
> 18. On September 26, 2008, the Equal Employment Opportunity Commission issued a Letter of Determination on EEOC Charge No.

> 430-2007-03565 stating, "Examination of the evidence obtained by the
> Commission during its investigation supports Charging Party's
> allegation, and does not support Respondent's defense. The
> investigation revealed that Charging Party was retaliated against for
> filing charges against her assigned employer as well as the Respondent
> . . . . Therefore, there is reasonable cause to believe that a violation of
> the statute has occurred." Please see attached Plaintiff's Exhibit F.

(Doc. No. 1 at 4-5). Exhibits D, E, and F are the three Letters of Determination written by the EEOC.

Defendants argue that the inclusion of these allegations and Exhibits are irrelevant and immaterial. The Court agrees with Defendants' argument. Plaintiff cannot use the EEOC's findings to compel a finding of discrimination given the Court's de novo review of the discrimination claims. See Laber v. Harvey, 438 F.3d 404, 420 (4th Cir. 2006). The Court finds the inclusion of these paragraphs and exhibits are highly prejudicial and immaterial to Plaintiff's causes of action. See Moss v. Lane, 50 F.R.D. 122, 127 (W.D. Va. 1970) (holding that the statement of findings by the EEOC is irrelevant to the present suit and was therefore stricken from the complaint); Defazio v. River City Brass Band, Inc., No. 07-546, 2007 U.S. Dist. LEXIS 77753 (W.D. Pa. Oct. 19, 2007) (EEOC Determination Letter is impertinent to state a cause of action and was therefore stricken from complaint).

Plaintiff argues that the EEOC's findings must be included to rebut Defendants' affirmative defenses. However, Plaintiff does not have the burden of disproving the affirmative defenses. Instead, Plaintiff's burden is to state a claim for relief in accordance with Rule 8. A plaintiff in a Title VII lawsuit is not required to include in the Complaint allegations concerning the EEOC's findings.

## IV.  CONCLUSION

Although motions to strike are generally disfavored, Defendants have met their burden of proving that the EEOC's findings are prejudicial and immaterial and therefore should be stricken.  Paragraphs 16 through 18 are ordered stricken from the record.

**IT IS THEREFORE ORDERED** that Defendants' Motions to Strike (Doc. Nos. 11, 14) are **GRANTED**.

Signed: June 11, 2009

Robert J. Conrad, Jr.
Chief United States District Judge